UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

KIRK LEAPHART,

        Plaintiff,

                                 Case No. 14-10246
                                 HON. GERSHWIN A. DRAIN

vs.


PRESERVATION HOUSING
MANAGEMENT, a corporation,
and Miranda White,

        Defendants.

_____/

## ORDER DENYING PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT [#12], GRANTING DEFENDANTS' MOTION FOR SUMMARY JUDGMENT [#25], AND DENYING PLAINTIFF'S MOTION TO IMPOSE SANCTIONS [#20]

## I.   INTRODUCTION

On January 17, 2014, Plaintiff, Kirk Leaphart ("Leaphart"), proceeding *pro se*, filed the instant Complaint against Defendants, Preservation Housing Management ("PHM") and Miranda White ("White"), alleging racial discrimination. Presently before the Court are: (1) Plaintiff's Motion for Summary Judgment [#12], filed on March 13, 2014; (2) Plaintiff's Motion for Imposition of Sanctions Against Defendants and their Attorneys [#20], filed on April 14, 2014; and (3) Defendants' Motion for Summary Judgment [#25], filed on May 21, 2014.

Plaintiff's Motion for Summary Judgment is fully briefed - Defendants' filed a Response on April 2, 2014, and Plaintiff filed a Reply on April 4, 2014. Plaintiff's Motion for Imposition of Sanctions is fully briefed - Defendants' filed a Response on April 22, 2014,

and Plaintiff's filed a Reply on April 28, 2014. Finally, Plaintiff filed a Response to Defendants' Motion for Summary Judgment on May 29, 2014. No Reply was filed and the time to do so has since passed. Oral arguments were heard before the Court on June 24, 2014.

Based on the submissions and facts below, the Court will deny Plaintiff's Motion for Summary Judgment, grant Defendants' Motion for Summary Judgment, and deny Plaintiff's Motion to Impose Sanctions.

## II.    FACTUAL BACKGROUND

On March 3, 2013, Plaintiff submitted a pre-application for a federally subsidized, low income, one bedroom apartment in the On the River Apartment Community ("On the River"). On the River is managed by the Preservation of Affordable Housing (POAH).[1] On April 16, 2013, Callie Wolfe ("Wolfe"), an Assistant Property Manager at POAH, mailed Plaintiff a letter advising him that his application was on file and that an apartment had become available. The letter requested that Plaintiff contact the office to make an appointment to complete the application screening process. Additionally, the letter stated that if POAH did not hear from Plaintiff by April 19, 2013, his application would be removed from the waitlist. Plaintiff did not reply in time. Instead, the letter was returned to POAH marked "Return to Sender Attempted - Not Known - Unable to Forward." When the letter was returned to Defendants, Plaintiff's name was removed from the waiting list.

In December 2013, Plaintiff visited On the River asking about his position on the waitlist. Plaintiff was informed by Wolfe and White that an apartment had opened up, a

---

[1] Plaintiff mistakenly identifies the apartment as being managed by PHM.

letter had been sent to the address Plaintiff provided on his pre-application, and the letter had been returned unopened. Plaintiff was shown and given a photo copy of the returned envelope. Defendants also informed Plaintiff, both orally and in writing, that he could go back on the waiting list if he desired. Instead, Plaintiff responded by filing the instant action alleging he was discriminated against because of his race and gender.

## III.   LEGAL ANALYSIS

### A.   Standard of Review

Federal Rule of Civil Procedure 56(a) permits a party to:

> [M]ove for summary judgment, identifying each claim or defense-or the part of each claim or defense-on which summary judgment is sought. The court shall grant summary judgment  if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.

The Supreme Court has affirmed the use of summary judgment and recognized it as an integral part of the fair and efficient administration of justice. *Celotex Corp. v. Catrett*, 477 U.S. 317, 327 (1986).

The party seeking summary judgment "bears the initial burden of specifying the basis upon which it contends judgment should be granted and of identifying that portion of the record which, in its opinion, demonstrates the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 322. The evidence and all reasonable inferences must be construed in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986). The burden then shifts to the non-moving party to produce "specific facts showing that there is a genuine issue for trial." *First Nat'l Bank v. Cities Serv. Co.*, 391 U.S. 253, 270 (1968). The evidence presented must be such on which a jury could reasonably find for the defendant or the plaintiff; mere denials,

3

unsupported allegations, or speculations will not be enough to meet this burden. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 252 (1986).

    **B.**    **Plaintiff's Motion for Summary Judgment**

Plaintiff alleges Summary Judgment is proper because of the discrimination he was subjected to. *See* 42 U.S.C. § 1982 (prohibits discrimination based on gender); *see also* 42 U.S.C. § 1981(c) and § 3604(b) (prohibits discrimination based on race). Plaintiff is an African American male. Plaintiff argues that while White did not refuse to deal with Plaintiff, she initially and willfully withheld the copy of the letter that had been sent to Plaintiff and said if he was still interested in an apartment he needed to reapply. Moreover, Plaintiff reports that there are no single African American males pictured on the apartment community's website. Therefore, Plaintiff alleges that On the River's website suggests it prefers to rent to Caucasian families, particularly white women, 55 years and older, with children. Furthermore, Plaintiff argues that the Defendants conduct towards him amounted in a clear interference with the enjoyment of his interest to make a leasing contract with the Defendants.

However, it is impossible to determine from the Complaint or Plaintiff's Motion for Summary Judgment what lead Plaintiff to believe he was being discriminated against. *Laudon v. Loos*, 694 F. Supp. 253, 254 (E.D. Mich. 1988) (§ 1982 violation when there is clear evidence that a landlord discriminated against a white prospective tenant by effectively denyingd the apartment to her because of her African American step-father and friends); *see also Shaw v. Cassar*, 558 F. Supp. 303 (E.D. Mich. 1983) (evidence supported an African American couples apartment eviction was motivated, at least in part,

4

by racial considerations). Instead, evidence indicates the opposite is true, as Defendants offered an apartment to Plaintiff, and later gave Plaintiff the opportunity to go back on the waiting list. Further evidence of a lack of racial motivation is the demographics of On the River and its management. Eighty-Nine percent (89%) of the management staff at On the River is African American and Ninety-Seven percent (97%) of the occupants at this apartment community are African American. Moreover, the individual who was next on the waiting list and who the apartment originally offered to Plaintiff was eventually rented to was African American.

There are no allegations of fact in Plaintiff's Complaint or his Motion for Summary Judgment that could lead a trier to fact to conclude Plaintiff was the victim of racial or gender discrimination.

**C.      Defendants' Motion for Summary Judgment**

**1.      Claim Under 42 U.S.C. § 1981**

42 U.S.C § 1981 protects ones right to make and enforce contracts. "The statute prohibits, when based on race, the refusal to enter into a contract with someone, as well as the offer to make a contract only on discriminatory terms." *Patterson v. McLean Credit Union*, 491 U.S. 164, 176-77 (U.S. 1989). Plaintiff fails to provide any evidence that factually supports a claim that he was unable to enter into a contract with Defendants or that he entered into a contract based on discriminatory terms with Defendants. Moreover, Plaintiff was never denied housing, but instead failed to complete the application process. Defendants attempted to enter into a contract with Plaintiff when they sent him the April 2013 letter that invited him to complete the remaining portions of the application. When the Plaintiff did not contact the office, he was removed from the waiting list and the apartment

5

was rented to another African American. Plaintiff was treated in the same manner as every other tenant and perspective tenant to the facility, and Plaintiff offers no evidence to the contrary.

Even if Plaintiff was denied housing, he provides no evidence of any racial motivation in the alleged denial of his application. Instead, he relies on the allegation that Defendants' web site pictures a Caucasian woman, and illogically concludes that Defendants have a preference to rent only to white women over 55. He also believes without clear factual support that the letter sent by the management was a fake.

Plaintiff has failed to allege sufficient facts to show any racial motivation in the denial of Plaintiff's contractual rights. Instead, the facts establish that Plaintiff was preliminarily accepted into the community and only denied an apartment based on his failure to respond to the letter sent to him by the Defendants to an address designated by Plaintiff as his home.

### 2.    Claim Under 42 U.S.C. § 1982

42 U.S.C. § 1982 states, "[a]ll citizens of the United States shall have the same right, in every State and Territory, as is enjoyed by white citizens thereof to inherit, purchase, lease, sell, hold, and convey real and personal property." Plaintiff claims Defendants violated § 1982 when they refused to allow him to lease an apartment unit because of his race. To establish a prima facie case for housing discrimination, a plaintiff must prove:

> (1) that he or she is a member of a racial minority, (2) that he or she applied for and was qualified to rent or purchase certain property or housing, (3) that he or she was rejected, and (4) that the housing or rental property remained available thereafter.

*Mencer v. Princeton Square Apts.*, 228 F.3d 631, 634-35 (6th Cir. 2000).

6

Plaintiff failed to make any allegation from which a jury could determine his application was rejected. Instead, the evidence supports the exact opposite. Defendants accepted Plaintiff's pre-application and offered him a contract when an apartment became available. Unfortunately, Plaintiff provided Defendants with an incorrect address or moved, which made it impossible for the post office to deliver mail to him.

Plaintiff also failed to show that the housing or rental property remained available thereafter. This element can be satisfied by "showing either that the plaintiff was replaced by a person outside of the protected class or that similarly-situated non-protected employees were treated more favorably than the plaintiff." *Lindsay v. Yates*, 578 F.3d 407, 417 (6th Cir. 2009).

Plaintiff cannot show that he was replaced in the unit by someone outside of his protected class, as the property in question was rented to another African American. *Id.*; *see also Talley v. Bravo Pitino Restaurant*, 61 F.3d 1241, 1245 (6th Cir. 1995). Furthermore, Plaintiff failed to provide any direct evidence of intentional discrimination by Defendants or any circumstantial evidence which could be used to create an inference of discrimination. *Lindsay*, 578 F.3d at 415 ("[a] plaintiff may establish a *prima facie* case of discrimination either by presenting direct evidence of intentional discrimination by the defendant or by showing the existence of circumstantial evidence which creates an inference of discrimination").

In an attempt to establish a claim of discrimination, Plaintiff relies on the evidence that the Defendants' web site pictures a Caucasian woman, his belief that the return envelope from the April 2013 letter is fake, and the fact that White refused to immediately provide Plaintiff with a copy of the April letter in December 2013. However, none of these

7

facts create any direct or indirect inference of discrimination by the Defendants. The web site pictures do not rise to the level of creating an inference of discrimination, particularly when viewed in the light of the demographics of both the management and the occupants of On the River. Moreover, the returned envelope only shows that Defendants were actively attempting to rent property to Plaintiff, and were thus not discriminating against Plaintiff because of his race.

Plaintiff has failed to provide evidence of direct or inferential discrimination and failed to satisfy the third and fourth prongs of *Mercer*. Therefore, Plaintiff's claim of discrimination under § 1982 will be dismissed.

### 3.   Fair Housing Act Claim

To establish a prima facie case of housing discrimination the plaintiff must show: (1) he "belongs to a protected class of persons; (2) the defendant was aware of it; (3) the plaintiff was ready and able to accept defendant's offer to rent or buy; and (4) the defendant refused to deal with the plaintiff." *Mich. Prot. & Advocacy Serv. v. Babin*, 799 F. Supp. 695, 706 (E.D. Mich. 1992); *see also Hamilton v. Svatik*, 779 F.2d 383 (7th Cir. 1985). Leaphart fails to satisfy the prima facie case. Instead, the evidence provided by Plaintiff and Defendants supports a legitimate, nondiscriminatory reason for Leaphart's failure to rent at On the River. The only reason Plaintiff did not become a resident of On the River was because he failed to respond with his acceptance within a reasonable time.

In *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (U.S. 1973), the Supreme Court recognized that the plaintiff must initially establish a prima facie showing of discrimination. "If he establishes a prima facie case, the defendant must respond with a legitimate, nondiscriminatory reason for the denial of housing. If the defendant does so, the plaintiff

8

must then prove that that reason is pretextual." *Mich. Prot.*, 799 F. Supp. at 706. In the instant case, the Defendants have met the burden shifting requirement in *McDonnell Douglas* by providing a legitimate, nondiscriminatory reason for the denial of housing and Plaintiff has failed to meet the burden of providing any evidence to prove that the denial for his failure to respond is a pretext for discrimination.

Plaintiff has presented no issue of material fact that any discrimination or violation of the Fair Housing Act has occurred. Consequently, the Court will grant Defendants' Motion for Summary Judgment.

### D.    Plaintiff's Motion to Impose Sanctions

When filing claims and motions in Federal Court, parties are admonished not to file frivolously, and not to file in an effort to cause delay. *See* FED. R. CIV. P. 11(b)(1)-(2). Under Rule 11 the filing party is obliged to "conduct a reasonable inquiry to determine that the document is well grounded in fact . . . conduct a reasonable inquiry to determine that the positions taken are warranted by existing law" and ensure that the document is not filed for an "improper purpose." *Jackson v. Law Firm of O'Hara, Ruberg, Osborne and Taylor*, 875 F.2d 1223, 1229 (6th Cir. 1989). Rule 11 sanctions may be imposed if a reasonable inquiry discloses a pleading, motion, or paper is: a) not well-grounded in fact; b) not warranted by existing law or good faith argument for the extension, modification, or reversal of the existing law; or c) interposed for any improper purpose such as harassment or delay. *INVST Financial Group, Inc. v. Chem-Nuclear Sys., Inc.*, 815 F.2d 391 (6th Cir. 1987). The standard to be used in evaluating the propriety of imposing Rule 11 sanctions is an objective one and requires a determination of whether the individual's conduct was

9

reasonable under the circumstances. *Id.* at 401; *Mann v. G&G Manufacturing*, 900 F.2d 953, 958 (6th Cir. 1990). 28 U.S.C. § 1927 states:

> Any attorney or other person admitted to conduct cases in any court of the United States or any Territory thereof who so multiples the proceeding in any case unreasonably and vexatiously may be required by the court to satisfy personally the excess costs, expenses and attorney's fees reasonably incurred because of such conduct.

Plaintiff alleges that Defendants submitted a false affidavit in support of its answer for the purpose of delaying summary judgment. Plaintiff argues that Defendants' Affidavit is frivolous and was filed with the sole purpose of increasing the Defendants' cost to defend this matter.

Alternatively Defendants assert that the Affidavit is true and accurately sets forth facts that establish the Court should deny the Plaintiff's Motion for Summary Judgment. Based on the facts of the case the Affidavit was not frivolous. The Court will deny Plaintiff's Motion to Impose Sanctions.

## IV.    CONCLUSION

Based on the facts above, the Court will DENY Plaintiff's Motion for Summary Judgment [#12], GRANT Defendants' Motion for Summary Judgment [#25], and DENY Plaintiff's Motion for the Imposition of Sanctions [#20].

SO ORDERED.

Dated: June 25, 2014                              /s/Gershwin A Drain
                                                  GERSHWIN A. DRAIN
                                                  UNITED STATES DISTRICT JUDGE

10

CERTIFICATE OF SERVICE

Copies of this Order were served upon attorneys of record on
<u>6/25/2014</u>, by electronic and/or ordinary mail.

<u>/s/ Tanya Bankston</u>
Deputy Clerk